ALEXANDER JEREMY v. ST. PAUL BOOM COMPANY.[1]

December 6, 1901.

Nos. 12,755—(110).

**Malicious Prosecution.**

In an action for damages for malicious prosecution, *held*, that the following facts did not conclusively appear from the evidence:

1. That the party arrested was guilty of the offense charged.

2. That the party causing the arrest took advice of counsel in good faith.

3. That the arrest was made upon probable cause.

4. Certain other rulings of the court considered, and found to contain no error.

Action in the district court for Ramsey county to recover $10,000 for malicious prosecution. The case was tried before Bunn, J., and a jury, which rendered a verdict in favor of plaintiff for $300. From an order denying a motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Clapp & Macartney*, for appellant.

*Daniel W. Doty*, for respondent.

LEWIS, J.

This is an action to recover damages for the alleged malicious prosecution of respondent by appellant through its agent, W. F. Colby. Appellant admitted that it caused respondent's arrest on a charge of the larceny of six logs, and that such prosecution terminated in a dismissal of the charge. Respondent then brought action for damages sustained by reason of his arrest, in which a verdict was returned in his favor, whereupon appellant brings the cause to this court.

The principal questions for consideration are: Does the evidence conclusively show the following facts; that respondent was guilty of the larceny charged; that appellant took the advice of his counsel in good faith, believing respondent to be guilty; that

[1] Reported in 88 N. W. 13.

appellant had probable cause to institute the prosecution against Jeremy? A brief statement of the facts will be necessary in order to convey a fair understanding of the propositions under consideration.

The respondent, Alexander Jeremy, was an old citizen of Nininger, where for the last four or five years he had been a justice of the peace, and at the trial was shown to be a man of good character and reputation in the community in which he lived. At the time of his arrest he was engaged in running a portable custom saw mill. The appellant is a rafting company, whose charter limits extend from the falls of St. Anthony to Prescott, at the mouth of the St. Croix, its business being to receive logs consigned to it, drive them into its boom below Fort Snelling, and put them into rafts for towing. In this operation many logs escape from the booms, and float down the river; and one W. F. Colby was employed by appellant to act as an agent for the purpose of watching and securing logs thus escaped.

On January 16, 1900, Colby went to Jeremy's mill. On the way he saw some lumber in the yard of a Mrs. Pettingill, the ends of which were stamped with marks belonging to log owners represented by appellant. This lumber was freshly sawed with a circular saw, and there was no other mill of the kind in the vicinity, which fact Colby knew. Colby testified that Mrs. Pettingill told him the lumber came from Jeremy's mill, which statement was contradicted by her. Colby went from this lumber to Jeremy's mill, and found him engaged in sawing a certain log which had once been a piling or boom stick, and at one time had belonged to the Mississippi River Lumber Company, which, with about a hundred similar logs, then in his possession, he claimed as his property,—obtained as wreckage in the year 1897 through permission of one Mahany. Colby unsuccessfully attempted to prevent Jeremy from sawing the log. Colby went from the mill to Mrs. Pettingill's, and asked her if he might take some of the lumber, to which she replied that Mr. Bracht had brought the lumber there for the purpose of building a barn, and that he must get his permission. Colby then called on Bracht, and asked him

where he obtained the lumber, which question Bracht flatly refused to answer. The following morning Colby went to the office of William Hodgson, county attorney of Dakota county, and, after talking a while with him about the matter, appellant's attorney, Mr. Schaller, was called in, and as a result of their conference a warrant was issued for Jeremy's arrest for the larceny of the logs from which the lumber in Mrs. Pettingill's yard was sawed.

1. We will spend no time upon the proposition that Jeremy was shown conclusively to have been guilty of the charge. That question was settled by the verdict of the jury, and the evidence by no means makes out a conclusive case contrary to the views expressed by the jury.

2. The trial judge held that the defense "advice of counsel" was properly decided by the jury under the court's instructions, for the reason that Colby had not fully and fairly stated the case to either the county attorney or appellant's attorney; the important omission being the failure to tell them of Bracht's refusal to disclose to Colby where the logs came from out of which the Pettingill lumber was sawed, merely telling them that the lumber had been traced to Jeremy's mill.

In our opinion, this was an omission of a material point which should have been submitted to the attorneys. It is important because on Colby's statement that the lumber came from Jeremey's mill, in connection with his statement as to the identity of the lumber by the log marks, the attorneys were justified in inferring, and advising accordingly, that the logs were unlawfully in Jeremy's possession; whereas, if Colby had stated to the attorneys that Bracht had deposited the lumber in Mrs. Pettingill's yard, and that he refused to tell where he got it, then the attorneys would have been called upon to ascertain what relation Bracht bore to the logs before advising the arrest. As the matter stood to Colby's knowledge, the lumber was traceable to Bracht, rather than to Jeremy.

3. There being a conflict in the evidence as to the probable cause of the prosecution, it was proper for the court to submit

that question to the jury, and its finding adversely to appellant is justified for the same reason mentioned in the discussion of the second proposition, viz., the jury were justified in holding that Mrs. Pettingill had told Colby that Bracht brought the lumber there, and that Bracht refused to inform Colby where he obtained it. Colby, never having mentioned the Pettingill lumber to Jeremy, and having been informed that it came from Bracht, was not warranted in assuming that Jeremy had stolen the logs from which it was sawed, even though conclusively proven that it was sawed at his mill, and that logs were found there which had been unlawfully taken from others. Under such circumstances it was the duty of Colby to further investigate the facts before causing the arrest.

We see no error in the admission of the testimony in relation to the manner of the arrest. We think it was admissible as having some bearing upon the question of malice, and as a part of the general transaction. Neither do we find error in the refusal of the court to admit the testimony of appellant's attorney as to what conclusion he and the county attorney had arrived at. It was immaterial what their conclusion was, so long as the result was not communicated to Colby.

Order affirmed.